UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MICHAEL N. KELSEY,

                        Petitioner,

   -against-                                                9:20-CV-1211 (LEK)

DONNA LEWIN, Superintendent of Hudson
Correctional Facility,

                        Respondent.

## DECISION AND ORDER

Petitioner Michael Kelsey sought federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. Nos. 3 ("Petition"); 1 ("Petition Memorandum"); 6 ("Exhibits").[1] Additionally, Petitioner separately filed three more motions. See Dkt. Nos. 7, 9, 10.

The first was a motion for declaratory judgment. Dkt. No. 7. Petitioner argued that the New York State statute permitting pre-sentence investigations and reports is unconstitutional. See id. at 3. He requested a declaratory judgment "on past, present and future ramifications of the Respondent's investigation report rights and welfare[.]" Id.

The second was a motion requesting temporary release on bail during the pendency of the habeas petition. Dkt. No. 9. Specifically, Petitioner argued that (1) he needs to be released to appropriately litigate this action, and (2) his history during his state court litigation demonstrates that he is an individual who poses neither a risk of harm to the community nor risk of flight. Id. at 3–8.

Finally, petitioner sought permission to schedule several evidentiary hearings to present

---

[1] Citations to Petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

evidence about the alleged failure to make a complete transcript of Petitioner's judicial proceedings and to illustrate the systematic bias and fact-finding distortions Petitioner experienced during his criminal proceedings. Dkt. No. 10 at 1–4.

On November 13, 2020, the Court issued an order directing Petitioner to file an affirmation clarifying the procedural posture of any appeals he had taken from the denial of his writ of error coram nobis or his 440 motion in St. Lawrence County Court. Dkt. No. 11 ("November Order"). The November Order stayed decisions on the motions for a declaratory judgment, for temporary release on bail, and for discovery hearings until the affirmation was received and evaluated by the Court. Id. at 8.

The Court recently received a letter motion from Petitioner. Dkt. No. 12. In it, Petitioner moves to withdraw his motion for a declaratory judgment, Dkt. No. 7, so that Petitioner can first present his claims for declaratory relief in state court. Id.

Petitioner's motion is granted. However, Petitioner is reminded that he still must provide the Court with an affirmation addressing the issues discussed in the November Order, to enable the Court to determine whether his habeas action can proceed and to decide the pending motions for temporary release on bail and request for discovery hearings. November Order at 4–9. Given Petitioner's pro se status, the Court *sua sponte* extends the deadline for Petitioner to file said affirmation.

Accordingly, it is hereby

**ORDERED**, that Petitioner's motion to withdraw (Dkt. No. 12) is **GRANTED** and the motion for declaratory judgment (Dkt. No. 7) is **DISMISSED without prejudice**; and it is further

**ORDERED**, that decisions on Petitioner's motions for temporary release on bail (Dkt. No. 9) and for discovery hearings (Dkt. No. 10), are stayed pending the Court's decision after receiving Petitioner's affirmation; and it is further

**ORDERED**, that Petitioner may file a written affirmation, **within thirty (30) days** of the filing date of this Decision and Order, clarifying the procedural posture of any pending actions in state court. The affirmation shall not exceed five (5) pages in length. Exhibits shall be limited to any state-court decisions associated with the state court actions.  **Petitioner should state the date(s) upon which he filed any state court applications for relief in which he challenged his conviction, including the name and location of the court(s) in which he filed each application, and the date(s) upon which the application(s) were denied.**  If Petitioner is asking the Court to equitably toll the limitations period, he must set forth facts establishing a basis for the application of equitable tolling as stated above. If Petitioner is asking the Court to apply an equitable exception to the limitations period, he must set forth facts establishing a basis for doing so. No answer to the Petition will be required from the respondent at this time; and it is further

**ORDERED**, that either after Petitioner submits his written affirmation or upon the expiration of the thirty days, the Clerk shall forward the entire file to the Court for review; and it is further

**ORDERED** that the Clerk serve copies of this Decision and Order upon Petitioner in accordance with the Local Rules.

**IT IS SO ORDERED**.

DATED:     December 02, 2020
           Albany, New York

Lawrence E. Kahn
U.S. District Judge

3

                LAWRENCE E. KAHN  
                United States District Judge