UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MICHAEL N. KELSEY,

       Petitioner,

   v.             9:20-CV-1211 (LEK)

DONNA LEWIN, Superintendent, Hudson
Correctional Facility,

       Respondent.

_____

## MEMORANDUM-DECISION AND ORDER

## I.  INTRODUCTION

   Petitioner Michael Kelsey seeks federal habeas relief pursuant to 28 U.S.C. § 2254 for

convictions of first-degree sexual abuse, first-degree attempted sexual abuse, forcible touching,

and endangering the welfare of a child. Dkt. Nos. 1, Memorandum of Law in Support

("Petitioner's Memorandum"); 3  ("Petition"); 6 ("Exhibits").[1] Additionally, Petitioner

separately filed three other motions. Dkt. Nos. 7, 9, 10.

   The first was a motion for declaratory judgment. Dkt. No. 7. The second was for

temporary release on bail during the pendency of the habeas petition. Dkt. No. 9. The third was a

request to schedule several evidentiary hearings at which he sought to present evidence about the

alleged failure to make a complete transcript of Petitioner's judicial proceedings and to illustrate

the systematic bias and fact-finding distortion Petitioner experienced during his criminal

proceedings. Dkt. No. 10 at 1–4.

---

   [1] For the sake of clarity, citations to petitioner's filings refer to the pagination generated
by CM/ECF, the Court's electronic filing system.

On November 13, 2020, the Court issued an order directing Petitioner to file an affirmation clarifying the procedural posture of any appeals he had taken from the denial of his writ of error coram nobis or his motion seeking to vacate his judgment pursuant to New York Criminal Procedure Law § 440.10 ("440 Motion") in St. Lawrence County Court. Dkt. No. 11 ("November Order"). The November Order stayed decisions on the motions for a declaratory judgment, temporary release on bail, and any discovery hearings until the affirmation was received and evaluated by the Court. Id. at 8.

On November 30, 2020, the Court received, and subsequently granted, Petitioner's motion to withdraw his motion for a declaratory judgment. Dkt. Nos. 12 ("Motion to Withdraw"); 13 ("December Order").

The Court is most recently in receipt of Petitioner's timely filed affirmation. Dkt. No. 14 ("Affirmation"). For the reasons that follow, the Petition is dismissed without prejudice, as premature, with leave to re-file once Petitioner's claims have been fully exhausted and the state court proceedings have concluded.

## II.    DISCUSSION

As the November Order outlined, Petitioner challenges a 2016 judgment of conviction in St. Lawrence County, upon a jury verdict, of first-degree sexual abuse, first-degree attempted sexual abuse, forcible touching, and endangering the welfare of a child. November Order at 3. Petitioner argues that he is entitled to federal habeas relief because (1) he was denied meaningful appellate review; (2) his appellate counsel was constitutionally ineffective; (3) his conviction is based on legally insufficient evidence; (4) his conviction was based on unlawful evidence obtained in violation of Petitioner's Fourth and Fifth Amendment rights; (5) the "State Court

2

denied [Petitioner a] fair, full and adequate appellate review in the post-conviction proceeding";
(6) Petitioner's "[s]entence was unconstitutionally cruel and unusual by unfair, incomplete and
inadequate procedures, bases, sources of authority and [a] total disregard for due process in
affixing a collateral consequence of 'sex offender' labeling"; and (7) Petitioner was subjected to
judicial bias. Pet. at 11–12.

### A. Exhaustion

Petitioner's filing noted his uncertainty with properly exhausting his state court remedies
prior to filing the instant petition. November Order at 3. The Court explained that exhaustion
was a mandatory prerequisite to applying for federal habeas relief. Id. at 4. The Court noted that
Petitioner had filed both a 440 Motion and a writ of error coram nobis in state courts. Id. at 4–5.
Based upon Petitioner's submission, it was unclear whether he had exhausted his state court
remedies. Id.

Petitioner's affirmation clarifies the procedural posture of his state court challenges.
Affirmation at 2–3. Petitioner filed an application for leave to appeal the Appellate Division's
denial of his writ of error coram nobis on November 16, 2020. Affirmation at 2. The case was
assigned on November 24, 2020, and is still pending in the New York State Court of Appeals. Id.
Petitioner also filed an application for leave to appeal the denial of his 440 Motion to the
Appellate Division in July of 2020. Id. That application is also still pending. Id.

It is clear that Petitioner has not exhausted his state court remedies: he has two
applications for leave to appeal pending in the state courts. Affirmation at 2. Moreover, these
collateral challenges involve issues that overlap with, or are identical to, the issues raised in the
present petition. Compare Pet. at 11–12 with Dkt. Nos. 6-1 at 2–100; 6-2 at 1–100; 6-3 at 1–9; 6-

3

10 at 78–83. Accordingly, the highest state court capable of reviewing Petitioner's claims has not yet had the opportunity to do so. See Brown v. Ercole, No. 07-CV-2611, 2007 WL 2769448, at *1 (E.D.N.Y. Sept. 21, 2007) (explaining that tolling pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 occurs "while state post-conviction motions are pending. . . . Therefore, once the Court of Appeals issued its order denying leave to appeal, the *coram nobis* petition was no longer pending because no further state court remedies were available.").

There is no basis on the record before this Court to conclude that there is an absence of available state corrective process (*e.g.*, where there is no further state proceeding for a Petitioner to pursue) or circumstances exist that render that state court process ineffective to protect Petitioner's rights (*e.g.* where further pursuit would be futile). § 2254(b)(1)(B)(i)–(ii); Lurie v. Wittner, 228 F.3d 113, 124 (2d Cir. 2000). Petitioner has state court remedies available to him, and, by his own admission, is in the process of exhausting those remedies by pursuing his collateral attacks on his state court conviction. It is not futile to require him to complete exhaustion of his state court remedies before pursuing a federal habeas petition.

The Court previously discussed whether Petitioner's submission could be considered a protective filing. November Order at 5–8. As outlined in the prior order, Petitioner has failed to demonstrate the good cause necessary to grant a stay. Id. at 5–7. Further, any subsequently filed petition would be timely because, as explained in the November Order, Petitioner's properly filed collateral challenges to his conviction have statutorily tolled the limitations period while they are pending. Id. at 7–8. Accordingly, it appears that Petitioner still has the majority of the year-long statute of limitations left in which to timely file a habeas petition after his state court proceedings have concluded. Id.

4

Based on the foregoing, the Petition is premature and is dismissed without prejudice to re-filing a complete petition once Petitioner has pursued and exhausted all the claims he wants to raise in the state courts. See Diguglielmo v. Senkowski, 42 F. App'x. 492, 496 (2d Cir. 2002) (summary order) ("[B]ecause the New York Court of Appeals has not yet had an opportunity to address DiGuglielmo's federal claims, comity requires that we allow that court an opportunity to do so. Accordingly, we dismiss DiGuglielmo's petition without prejudice. This will allow DiGuglielmo to pursue any procedural options available to him in New York state court, and then take whatever steps may be appropriate to return to federal court if necessary.") (footnote omitted).[2]

### B.  Motion for Temporary Release and Request for Discovery

Petitioner argues that, regardless of whether or not his Petition is stayed while he pursues his state court remedies, the Court is still able to entertain and grant his request for temporary release on bail. Affirmation at 3. Petitioner contends that he is entitled to release because, as he was unlawfully convicted and has been unlawfully incarcerated since 2016, his situation presents extraordinary circumstances given the pace of litigation and delay in relief provided to him. Id. at 4–5. Petitioner's request for swift intervention, he contends, allows the Court to retain jurisdiction and grant him relief.

For the reasons outlined above, and discussed in further detail in the November Order, a stay is not warranted. Accordingly, the Petition will be dismissed without prejudice to renew

---

[2]  The Court notes that if Petitioner's claims are unsuccessful in state court, a subsequent habeas petition should not run afoul of the "second or successive petition" limitations, because this petition is being dismissed for failure to exhaust and not on the merits. See Burton v. Stewart, 549 U.S. 147, 155 (2007) (per curiam) (citing Slack v. McDaniel, 529 U.S. 473, 478 (2000)).

after Petitioner's state court remedies have been exhausted. Because Petitioner does not have a

case pending before the Court, the Court does not have jurisdiction to grant Petitioner's request

for temporary release at this time. Therefore, Petitioner's motion for temporary release is denied

without prejudice. The same is true for Petitioner's motion seeking evidentiary hearings.

## III.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the petition (Dkt. No. 1) is **DISMISSED without prejudice** for failure

to exhaust available state court remedies; and it is further

**ORDERED**, that Petitioner's motions for temporary release on bail (Dkt. No. 9) and

requests for discovery hearings, Dkt. No. 10, are **DENIED without prejudice**; and it is further

**ORDERED**, that no certificate of appealability ("COA") shall issue in this case because

Petitioner has failed to make a "substantial showing of the denial of a constitutional right"

pursuant to 28 U.S.C. § 2253(c)(2).[3]  Any further request for a COA must be addressed to the

Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED**, that the Clerk is directed to serve a copy of this Order on Petitioner in

accordance with the Local Rules.

 **IT IS SO ORDERED.**


DATED:      December 18, 2020
            Albany, New York

Lawrence E. Kahn
U.S. District Judge

---

[3]  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).